# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ELAM,<br><br>　　　　　　Plaintiff,<br>　　vs.<br>MICHAEL HERNANDEZ, et al.,<br>　　　　　　Defendants. | Case No. CV 09-2780-PA (DTB)<br><br>ORDER TO SHOW CAUSE |

　　　In light of the Supreme Court's recent decision in <u>Minneci v. Pollard</u>, 565 U.S. –, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012), petitioner is ordered to show cause in writing, within fourteen (14) days of the service date of this Order, why the Court should not recommend that this action be dismissed without prejudice.

　　　In the Supreme Court's decision, in reversing <u>Pollard v. GEO Grp., Inc.</u>, 629 F.3d 843 (9th Cir. 2010) (as amended), the Court held that a plaintiff could not bring an action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) against an employee of a privately operated federal prison for damages based on alleged Eighth Amendment violations.  The Supreme Court held that a plaintiff cannot assert a <u>Bivens</u> action in circumstances were state tort law authorizes adequate alternative damages actions,

/ / /

"actions that provide both significant deterrence and compensation." <u>Minneci</u>, 132 S. Ct. at 620. As the Supreme Court explained:

> [W]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law. We cannot imply a <u>Bivens</u> remedy in such a case.

<u>Id.</u> at 626.

Here, plaintiff is contending that defendant Hernandez, a private physician operating at a private hospital, violated his constitutional rights. Specifically, while plaintiff was a pretrial detainee at the Metropolitan Detention Center, he was transferred to White Memorial Medical Center ("WMMC") for medical treatment. At WMMC, plaintiff was treated by defendant Hernandez, who allegedly administered antipsychotic medication against plaintiff's will in violation of his Eighth and Fifth Amendment rights.

In light of the Supreme Court's recent opinion in <u>Minneci</u>, it appears that plaintiff cannot bring a <u>Bivens</u> action against Hernandez for damages based on alleged violations of his Eighth and Fifth Amendment rights. As with the claims in <u>Minneci</u>, state law would provide an "alternative, existing process" capable of protecting the constitutional interests at stake. See <u>Minneci</u>, 132 S. Ct. at 623.

/ / /
/ / /
/ / /
/ / /

As such, it appears the Supreme Court's decision in <u>Minneci</u> bars plaintiff's <u>Bivens</u> action against Hernandez.

DATED: August 23, 2012

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

I hereby attest and certify on  8/23/12
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

**CLERK U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

dts
**DEPUTY CLERK**