1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TOMMY ELAM,                         )  Case No. CV 09-2780-PA (DTB)
                                    )
                Plaintiff,          )
        vs.                         )  ORDER TO SHOW CAUSE
                                    )
MICHAEL HERNANDEZ, et al.,          )
                                    )
                Defendants.         )
                                    )
_____ )

        In light of the Supreme Court's recent decision in <u>Minneci v. Pollard</u>, 565 U.S.
–, 132 S. Ct. 617, 181 L. Ed. 2d 606 (2012), petitioner is ordered to show cause in
writing, within fourteen (14) days of the service date of this Order, why the Court
should not recommend that this action be dismissed without prejudice.

        In the Supreme Court's decision, in reversing <u>Pollard v. GEO Grp., Inc.</u>, 629
F.3d 843 (9th Cir. 2010) (as amended), the Court held that a plaintiff could not bring
an action under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>,
403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) against an employee of a
privately operated federal prison for damages based on alleged Eighth Amendment
violations.  The Supreme Court held that a plaintiff cannot assert a <u>Bivens</u> action in
circumstances were state tort law authorizes adequate alternative damages actions,
/ / /

1

1  "actions that provide both significant deterrence and compensation."  <u>Minneci</u>, 132

2  S. Ct. at 620.  As the Supreme Court explained:

3        [W]here, as here, a federal prisoner seeks damages from privately

4        employed personnel working at a privately operated federal prison,

5        where the conduct allegedly amounts to a violation of the Eighth

6        Amendment, and where that conduct is of a kind that typically falls

7        within the scope of traditional state tort law (such as the conduct

8        involving improper medical care at issue here), the prisoner must seek

9        a remedy under state tort law.  We cannot imply a <u>Bivens</u> remedy in

10       such a case.

11  <u>Id.</u> at 626.

12

13       Here, plaintiff is contending that defendant Hernandez, a private physician

14  operating at a private hospital, violated his constitutional rights.  Specifically, while

15  plaintiff was a pretrial detainee at the Metropolitan Detention Center, he was

16  transferred to White Memorial Medical Center ("WMMC") for medical treatment.

17  At WMMC, plaintiff was treated by defendant Hernandez, who allegedly

18  administered antipsychotic medication against plaintiff's will in violation of his

19  Eighth and Fifth Amendment rights.

20       In light of the Supreme Court's recent opinion in <u>Minneci</u>, it appears that

21  plaintiff cannot bring a <u>Bivens</u> action against Hernandez for damages based on

22  alleged violations of his Eighth and Fifth Amendment rights.  As with the claims in

23  <u>Minneci</u>, state law would provide an "alternative, existing process" capable of

24  protecting the constitutional interests at stake.  <u>See</u> <u>Minneci</u>, 132 S. Ct. at 623.

25  / / /

26  / / /

27  / / /

28  / / /

2

As such, it appears the Supreme Court's decision in <u>Minneci</u> bars plaintiff's <u>Bivens</u> action against Hernandez.

DATED: August 23, 2012

_____

THE HONORABLE DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

I hereby attest and certify on _8/23/12_
that the foregoing document is full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

dts_____
DEPUTY CLERK

3