UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY ELAM,<br><br>　　　　　　　Plaintiff,<br>　　　vs.<br>MICHAEL HERNANDEZ, et al.,<br>　　　　　　　Defendants. | Case No. CV 09-2780-PA (DTB)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fifth Amended Complaint, all the records and files herein, and the June 10, 2014, Report and Recommendation of the United States Magistrate Judge ("R&R"). On July 3, 2014, plaintiff filed a document entitled "Leave of Court to Expand the Record to Reflect Plaintiff's Request for Production of Discovery of Defendants" which the Court construes as plaintiff's Objections to the R&R. In his Objections, plaintiff opposes the Magistrate Judge's recommendation of dismissal of this action since he "was diligent when pursuing this action by timely filing a request for production of discovery and identity of defendants which was placed in the institutional mail on or about May 19th, 2014." Plaintiff further notes that the Court's June 10, 2014, Report and Recommendation does not "reflect or address the plaintiff's motion for discovery which was mailed in the interim." Prior to the District Court's acceptance of the

R&R, plaintiff sought an extension of time within which to file Objections to the R&R, which the Court granted. On August 29, 2014, plaintiff filed an "Opposition to Magistrates Report and Recommendation" which the Court construes as plaintiff's Supplemental Objections ("Supp. Obj.") to the R&R. In his Supplemental Objections, plaintiff states that he has been mentally diagnosed as suffering from paranoid schizophrenia, delusional disorder, and psychotic disorder and does not have the mental capacity to ascertain the identity of the doe defendants. (Supp. Obj. 1-2.) Plaintiff seeks permission to voluntarily dismiss this action until discovery is complete. (Supp. Obj. 2.)

Although plaintiff alleges that he was diligent in pursuing this action by timely filing a request for production of discovery and identity of defendants, the Court notes that the two unknown U.S. Marshals, named as John Does #3 and #4, were first referenced in plaintiff's First Amended Complaint, which was filed August 3, 2010.

On May 8, 2013, the Court granted plaintiff leave to conduct limited discovery to attempt to ascertain the identify of the Doe defendants named in the Fourth Amended Complaint. However, plaintiff continued to pursue this action against the USMS and filed a Fifth Amended Complaint on June 7, 2013. On June 17, 2013, plaintiff was again granted leave to conduct limited discovery to attempt to ascertain the identify of the Doe defendants named in the Fifth Amended Complaint.

Under Fed. R. Civ. P. 4(m), if a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. As noted above, plaintiff first raised allegations regarding the two unknown U.S. Marshals, named as John Does #3 and #4, in his First Amended Complaint, filed August 3, 2010. The

/ / /

/ / /

1  120 days for service expired on December 1, 2010.  Plaintiff has had well over 120
2  days within which to identify and serve these Doe defendants.[1]  Even if calculated
3  from the date the Court granted plaintiff leave to conduct limited discovery to attempt
4  to ascertain the identify of the Doe defendants (*i.e.* May 8, 2013), plaintiff's time to
5  identify and serve the Doe defendants expired on September 5, 2013.

6  Although plaintiff alleges that he has diligently pursued this action by timely
7  filing a request for production of documents, the Court notes that plaintiff's request
8  for production of documents was filed on June 20, 2014, more than one year after
9  plaintiff was granted leave to conduct limited discovery to attempt to ascertain the
10 identify of the Doe defendants.  The Court finds that plaintiff has not been diligent in
11 pursuing this action against the Doe defendants.

12 Having made a de novo determination of those portions of the Report and
13 Recommendation to which objections have been made, the Court concurs with and
14 accepts the findings, conclusions and recommendations of the Magistrate Judge.

15 IT THEREFORE IS ORDERED that Judgment be entered dismissing this
16 action without prejudice.

18 Dated: September 8, 2014                    _____
19                                              PERCY ANDERSON
                                                UNITED STATES DISTRICT JUDGE

---

[1]  John Doe defendants must be identified and served within 120 days of the commencement of the action against them.  See Aviles v. Vill. of Bedford Park, 160 F.R.D. 565, 567 (N.D. Ill. 1995); Diggs v. LA. Cnty. Jail, No. CV 12-6244-JST (RNB), 2013 WL 5492341, at *2-3 (C.D. Cal. Oct. 1, 2013); Morris v. Barra, No. 10cv2642-AJB(BGS), 2012 WL 1059908, at *2 (S.D. Cal. Mar. 28, 2012); AF Holdings LLC v. Does 1-135, No. 11-CV-03336, 2012 WL 1038671, *3 (N.D. Cal. Mar. 27, 2012); James v. Murphy, No. 09-4413 ABC (AJW), 2012 WL 487040, at *14 (C.D. Cal. Jan. 24, 2012), Report and Recommendation adopted by 2012 WL 487036 (C.D. Cal. Feb. 15, 2012).